FERGUSON, Judge.
In the first appeal of this case, reported at 364 So.2d 528 (Fla.3d DCA 1978), the court framed the issue as “whether, in light of the trust agreement, appellee (O’Neal) was to share solely in the profits of the joint venture or be susceptible to losses incurred by the venture, as well.” In resolving the dispute this court looked only to the trial court’s finding of fact that O’Neal was not a general partner subject to any losses or liabilities resulting from the venture and found competent and substantial evidence to support that fact.
Following that opinion, appellants contracted to sell parcels of the venture property. After sale of the property at a loss, no proceeds were distributed to appellee— appellants interpreting the final judgment as entitling beneficiaries to share only in profits. Pertinent language from the final judgment is found in the trial court’s first factual finding:
1. Plaintiff, O’Neal, entered into a joint venture with Defendants whereby he conveyed his contract rights to purchase a unique parcel of acreage located in Deso-to County, Florida for which the other participants agreed that he would receive for such conveyance the return of his deposit[1] .. . plus a thirty percent interest in the profits of the trust enterprise ....
Appellee, O’Neal, filed a motion for in-junctive relief, enforcement, attorney’s fees and costs seeking to share the proceeds of the sale. The trial court entered an Order Denying Contempt and Construing Final Judgment, holding that it was not the court’s intent that O’Neal only participate in 30% of the profits, but further construing the judgment as entitling O’Neal to a “30% interest in the gross [sale] price.... ”
The issue raised in this second appeal is whether appellee is entitled to not only profits of the joint venture but to “30% of the gross proceeds” even where the partnership assets are sold at a loss. This question was not expressly raised in the first appeal, nor could it have been, as contended by appellee, since the present controversy derives from the trial court’s new interpretation of the judgment after our affirmance.
We have reviewed the entire record of these proceedings, particularly the trust agreement, and find that it will not support the commercially incredible construction that the appellants, all businessmen, agreed that appellee as a non-liable participant in the venture, would be entitled to thirty percent of the gross proceeds from the sale of the assets even if the assets were disposed of at a loss. On this record, the rule which precludes the appellate court from reevaluating the evidence would have no application. Howell v. Blackburn, 100 Fla. 114, 129 So. 341 (1930). By terms of the trust agreement no beneficiary, at any time, had any right, title or interest to any *1092 portion of the real estate as such, either legal or equitable, but only an “interest in the earnings, avails and proceeds” of the venture. In this context the terms more reasonably mean profit either from (1) excess of income over and above operating expenses in the ongoing venture, or (2) gains realized on the sale or exchange of investment assets. Cf. Associated Electric Co. v. United States, 97 F.Supp. 821 (Ct.Cl.1951). There is evidence of neither in this record.
Reversed and remanded for proceedings consistent with this opinion.
JORGENSON, J., dissents.

. The deposit was returned and is not an issue in this appeal.